**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>WILMER TACORONTE ORTIZ,<br><br>      Debtor. | CASE NO. 19-01178 (MAG11)<br>Chapter 11<br><br><br>FILED & ENTERED ON 11/23/2022 |

**OPINION AND ORDER**

At the hearing held on November 17, 2022, the court took under advisement three pending contested matters between debtor Wilmer Tacoronte Ortiz ("Tacoronte") and creditor OSP Consortium LLC ("OSP"): (i) Tacoronte's motion to sell real and personal property at private sale under 11 U.S.C § 363 free and clear of liens [Dkt. 221], OSP's opposition to the sale [Dkt. 225], Tacoronte's reply to the opposition [Dkt. 233], and OSP's sur-reply to the Debtor's opposition [Dkt. 240]; (ii) OSP's motion requesting entry of order for the transfer of properties and cancellation of pre-transfer liens [Dkt. 226], Tacoronte's opposition [Dkt. 228], and OSP's reply to the opposition [Dkt. 232]; and (iii) Tacoronte's amended Chapter 11 plan [Dkt. 227] and OSP's objection to post-confirmation modification [Dkt. 238].

For the reasons stated below, the court denies Tacoronte's motion for sale [Dkt. 221] and Tacoronte's post-confirmation modification [Dkt. 227] and grants OSP's motion requesting the entry of order for the transfer of properties [Dkt. 226].

At the outset, the court notes that all three matters are related to a joint stipulation filed on August 4, 2021 (the "Stipulation") [Dkt. 155] approved by the court in this case on August 30, 2021 [Dkt. 162]. The Stipulation was executed by OSP and Tacoronte, along with debtor Hotel

Cupido Inc. in case 19-03799 (MAG11) and consolidated debtors Remliw Inc. and Monte Idilio, Inc. in case 19-01179 (MAG11) (collectively the "Debtors") and filed in all three cases, which were jointly administered at the time.[1] The joint chapter 11 plan filed on October 15, 2021 [Dkt. 168] by all the Debtors in all three cases and confirmed on January 12, 2022 [Dkts. 196 & 197] provides that OSP's claim will be paid pursuant to the terms of the Stipulation.

The Stipulation contains a detailed explanation of OSP's claims in all three bankruptcy cases,[2] including the loans granted originally by Westernbank de Puerto Rico to the Debtors and the collateral securing those loans, including the mortgage notes, the mortgage deeds, and the guaranties executed by the cross-collateralized Debtors. [Dkt. 155.]

Per the Stipulation, the Debtors (including Tacoronte) mortgaged six real estate properties in favor of Westernbank, now OSP as successor in interest, which were identified therein as properties A through F. [Id. at pp. 8-11.] Tacoronte has an ownership interest in three of those properties: Property C located in Aguadilla identified in the Puerto Rico Property Registry as property number 10,862,[3] Property E located in San German identified in the Property Registry as

---

[1] On August 19, 2022, consolidated Debtors Remliw, Inc. and Monte Idilio, Inc. filed their application for final decree in lead case number 19-01179 (MAG11), which was granted by the court October 11, 2022. [Dkts. 256 & 264]. As a result, lead case 19-01179 (MAG11) is closed and no longer jointly administered with this case (19-1178 (MAG11)) or the case of Hotel Cupido, Inc. (19-03799 (MAG11)).

[2] OSP is the successor in interest of Westernbank, Banco Popular de Puerto Rico, and Condado 2, LLC. [Dkt. 155, ¶ 18.] OSP's secured claim in Tacoronte's case was filed originally by Condado 2 LLC in the amount of $3,211,856.21. [Claims Register No. 5-1.]

[3] Property C is described in the Puerto Rico Property Registry in the Spanish language as follows:

RUSTICA: Radicada en el Barrio Ceiba Alta de Aguadilla, compuesta de CINCO (5) CUERDAS, o sea, una (1) hectáreas, noventa y seis (96) áreas, y cincuenta y una (51) centiáreas. En lindes por el NORTE, con Antonio Mounier y Nicolás Acuerdo Morales; por el SUR, con camino municipal; por el ESTE, con Sucesión Donato Cortés Pérez y Andrés Fuentes y por el OESTE, con Enrique Nieves Mounier. Contiene una casa y una cabaña y un edificio de concreto de una planta que mide veintiséis (26) pies de frente por treinta y seis (36) pies de fondo por nueve (9) pies de luz, con piso de concreto, en un solo salón.

Finca #10,862 inscrita al folio 133 del tomo 261 de Aguadilla, Registro de la Propiedad de Aguadilla.

property number 8,334,[4] and Property F also located in San German identified in the Property Registry as property number 16,935.[5] For easy reference, the court will also refer to these properties as Properties C, E, and F.

Pursuant to the terms of the Stipulation, the Debtors, jointly (including Tacoronte), agreed to pay the reduced amount of $1,400,000[6] in cash to OSP within 12 months of the entry of the order approving the Stipulation, that is, August 30, 2021. [Dkt. 155, ¶ 30.] The Stipulation called for monthly payments to be made by the Debtors and payments to be made from the sale of real estate properties and from insurance claim proceeds. [Dkt. 155, ¶¶ 31, 32.] Upon payment of the $1,400,000, OSP agreed under the Stipulation to release the Debtors and cancel the liens over their properties. [Dkt. 155, ¶ 33.]

The Stipulation defines an "Event of Default" as the Debtors' "breach of any covenant or obligation contained in the Stipulation . . . or failure to comply with or failure to perform any of the terms, conditions, or covenants or their obligations set forth in the Stipulation, including, but

---

[4] Property E is described in the Puerto Rico Property Registry in the Spanish language as follows:

RÚSTICA: Parcela de terreno radicada en el Barrio Duey Bajo del municipio de San Germán, con una cabida superficial de 9367.5 metros cuadrados. En lindes por el Norte, en varias alineaciones que suman 162.45 metros, con camino vecinal, por el Sur, en 3 alineaciones que suman 118.40 metros, con César Martínez y Eduardo López, por el Este, en 3 alineaciones que suman 85.20 metros, con la Carretera municipal a Duey Bajo; y por el Oeste, en 70.20 metros, con Sucesión José Dolores Sample.

Finca #8334 Inscrita al folio 64 del tomo 279 de San Germán, Registro de la Propiedad de San Germán.

[5] Property F is described in the Property Registry in the Spanish language as follows:

RUSTICA: Predio de terreno radicado con el #11-A sito en el barrio Hoconuco del término municipal de San Germán. Con una cabida superficial de 1,261.26 metros cuadrados. Colinda al NORTE, en 50.11 metros, con terrenos de Manuel Valentín Padilla, solar # 11 del plano; al SUR, en 3.79 metros y 42.43 metros, con la calle asfaltada; al ESTE, en 25.00 metros, con Alfredo Ortiz y al OESTE, en un ángulo de 5.20 metros, con antiguo remanente de la finca principal, ahora calle asfaltada.

Finca #16,395 inscrita al folio 226 del 508 de San Germán, Registro de la Propiedad de San Germán.

[6] As stated in footnote 2, OSP's proof of claim in the present case is in the amount of $3,211,856.21.

3

not limited to, the Debtors' inability to make any of the timely payments identified in the instant Stipulation." [Dkt. 155, ¶ 39.]

Per the Stipulation, upon defaulting on the $1,400,000 payment, Tacoronte is obligated to transfer to OSP pursuant to 11 U.S.C.§§ 363, 1123(a)(5), 1123(b)(4) & 1146(a), Properties E and F both located in San German, Puerto Rico. [Dkt. 155, p. 14.] Also, the Stipulation provides that upon the occurrence of any event of default as described therein, the Debtors' obligations with OSP under the confirmed plan shall revert to their original state under the loan documents and the indebtedness shall become immediately due and payable. [Dkt. 155, pp. 16-17 at ¶ 38.] In addition, the Stipulation provides that the Debtors shall not cause delay, hinder, or intercede in any way with any foreclosure proceeding. [Id. at ¶ 39.]

After crediting the payments made by the Debtors pursuant to the Stipulation, including the sale of real estate property belonging to debtor Monte Idilio, Inc., OSP informed that as of August 30, 2022, the Debtors (including Tacoronte) owed $768,111.19 of the $1,400,000 to be paid by that date in compliance with the Stipulation. [Dkt. 225, ¶ 10.] With that framework, the court will address the pending matters separately.

### (i) Tacoronte's motion to sell property under 11 U.S.C. § 363(f)

On August 22, 2022, Tacoronte moved the court to sell free and clear of liens under 11 U.S.C. § 363(f) Property C located in Aguadilla, Puerto Rico. [Dkt. 221.] Tacoronte explains that he seeks to preserve and maximize the value of his operations by selling Property C to Mr. Jose Acevedo Tacoronte ("Acevedo") and that the sale is a sound business decision which is in the best interest of the estate and its creditors. Tacoronte proposes to sell the property for a total amount of $736,295.26, which if approved, would be paid by Acevedo in cash. Upon the sale, $600,000.00 would be paid to OSP, while the remaining $136,295.26 would be paid to CRIM for accrued

4

property taxes.  Tacoronte further asserts that the remaining balance of the stipulated payment of $1,400,000 can be covered with the sale of Property E. The motion for sale provides that the closing date shall be 30 days after the court's approval of the sale or on such other date and time as may be agreed between Tacoronte and the buyer in writing. [Dkt. 221 p.12.]

OSP opposes the sale of Property C arguing that it is at odds with the terms of the Stipulation, which are clear, unambiguous, and carry *res judicata* effect. [Dkt. 225.] OSP asserts that the Debtors are in default with the Stipulation and the proposed sale and the resulting payment to OSP of $600,000 falls short of the balance owed on the stipulated $1,400,000 by $168,111.19. OSP further argues that at this juncture the court may not authorize a § 363(f) sale free and clear of liens because such section provides the mechanism to sell property of the estate and upon the confirmation of the joint plan in this case, there is no estate, property of the estate, or a debtor in possession.

In his reply, Tacoronte argues that the Stipulation reached with OSP seemed reasonable at the time but was unrealistic since it only allowed him one year to sell two motel properties. [Dkt. 233.] Tacoronte points out that in Puerto Rico the motel business has ceased being profitable and that many motels have sought protection under the Bankruptcy Code.  He states that the motion for sale was filed prior to the due date of the stipulated payout and requests the court to authorize the sale under the doctrine of *rebus sic stantibus*. While at first Tacoronte stated that he would sell Property E to cover the remaining balance owed to OSP under the Stipulation after the sale of Property C if allowed, he later stated that he would transfer Property E to OSP to cover the deficiency. Lastly, Tacoronte states that if the motion for sale is not authorized by this court, he will move for conversion to chapter 7.

OSP filed a sur-reply asserting that *rebus sic stantibus* is inapplicable because there has not been any extraordinary or unforeseeable change in circumstances after the execution of the Stipulation [Dkt. 240.] OSP also states that Tacoronte has no absolute right to convert to chapter 7 because upon confirmation, he is no longer a debtor in possession.

The court agrees with OSP that a sale under 11 U.S.C. § 363(f) is inapplicable at this juncture. Undoubtedly, when the Stipulation was executed on August 4, 2021, it allowed sales free and clear of liens under 11 U.S.C. § 363(f) because it was filed prior to the confirmation of the joint plan in all three bankruptcy cases. However, after confirmation of the joint plan on January 14, 2022, all property of the estate vested in the Debtors under 11 U.S.C. § 1141(b). "A court may not authorize a sale free and clear after plan confirmation, as the property revests upon confirmation in the reorganized debtor and is no longer property of the estate, even though the plan provides for the court to retain jurisdiction to hear any applications to sell the property dealt with by the plan free and clear of liens." 3 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 363.06 (16th ed. 2022). As such, Tacoronte's request for the sale of Property C under 11 U.S.C. § 363(f) is misplaced.

More importantly, as argued by OSP, Tacoronte's motion for sale contravenes with the terms of the Stipulation for the treatment of OSP's claims to which the Debtors agreed to be bound and which were incorporated into Tacoronte's confirmed plan because it purports to extend the deadline for the payment. "'[J]udicial stipulation[s] between litigants to terminate court action,' . . . constitute 'contract[s] of compromise.'" Preserba Compañía De Desarrollos, Inc. v. Condado 2, LLC (In re Preserba Compañía De Desarrollos, Inc.), 635 B.R. 185, 197 (B.A.P. 1st Cir. 2022) (quoting In re Cantero Frau, 2014 Bankr. LEXIS 1631, at *21 (Bankr. D.P.R. Apr. 15, 2014)). "A 'contract of compromise' requires: (1) a controversy or uncertain judicial relationship that

6

represents the probability of litigation or an existing one; (2) the parties' intent to substitute the uncertainty of the controversy with the certainty of an uncontested relationship; and (3) reciprocal concessions of the parties." In re Cantero Frau, 2014 Bankr. LEXIS 1631, at *21. Contracts of compromise are "binding and enforceable, and ha[ve] the same authority of *res judicata*; the parties must consider the points discussed to be definitely resolved and cannot go over them again." In re Preserba, 635 B.R. at 197.

Here, the Stipulation meets the requirements of a contract of compromise because the Debtors settled the treatment to be given to OSP's claims to reach consensual confirmation in all three bankruptcy cases. And this court agrees with the reasoning of the Preserba court that a court-approved stipulation that settles the treatment of a secured claim to reach confirmation, has *res judicata* effect between the parties. In Preserba, the Bankruptcy Appellate Panel for the First Circuit affirmed the bankruptcy court's decision to strike two footnotes from the plans filed by related chapter 11 debtors, which were inconsistent and conflicted with the terms of a stipulation reached by the debtors for the treatment of a secured creditor. In affirming the bankruptcy court, the Preserba court observed that "[a]lthough it may seem unconventional to use the res judicata label in th[e] context [of a contract of compromise] due to the absence of an earlier judgment, Puerto Rico law nonetheless gives res judicata effect to . . . compromises." In re Preserba, 635 B.R. at 200 (quoting Ruiz-Sánchez v. Goodyear Tire & Rubber Co., 717 F.3d 249, 253 n.1 (1st Cir. 2013)).

Tacoronte correctly states that the motion for sale was filed prior to the August 30, 2022 deadline to complete the payment of $1,400,000. However, the motion for sale includes a closing date past the August 30, 2022 payout deadline and furthermore Tacoronte would still be in default of the Stipulation upon the sale of Property C because it would only allow payment to OSP of

$600,000 of the $768,111.19 owed to complete the $1,400,000 obligation. It is undisputed and acknowledged by Tacoronte that the Debtors need more time to either sell or transfer Property E to OSP to complete the $1,400,000 payout. Because Tacoronte is bound by the unambiguous terms of the Stipulation approved in August 2021, his motion to sell real and personal property at private sale is denied inasmuch as it seeks to modify the terms of the Stipulation and the confirmed plan.

Tacoronte invokes the doctrine of *rebus sic stantibus*. The Supreme Court of Puerto Rico has allowed courts to intervene in contracts in which good faith could be lacerated or an injustice would be caused by ordering the specific compliance of a contract based on the doctrine of *rebus sic stantibus*. See, Banco Popular de Puerto Rico v. Sucn. Talavera, 174 P.R. Dec. 686, 695 (2008). However, *rebus sic stantibus* may only be applied under extraordinary circumstances. Termination of a contract under *rebus sic stantibus* is not appropriate if the ensuing hardship is part of the normal risks related to the contract. Id. at 702.

Here, Tacoronte argues that he's been acting in good faith, that OSP knew the difficulties motel businesses face in today's economy, and that the motion for sale was filed prior to the expiration of the stipulated deadline. However, he fails to allege, in any form, the exceptional circumstances that warrant the application of the doctrine or how the requirements of the *rebus sic stantibus* doctrine are met in this case as established by the Puerto Rico Supreme Court in Casera Food Inc. v. E.L.A., 108 P.R. Dec. 850, 856 (1979). Absent such showing, this court may not consider the application of *rebus sic stantibus* and Tacoronte must keep his end of the bargain under the Stipulation.

Finally, the court need not reach the issue of Tacoronte's right to convert to chapter 7 at this time absent a motion to convert.

**(ii) OSP's motion requesting entry of order for the transfer of properties and cancellation of pre-transfer liens**

OSP moves the court for the entry of an order for the transfer of Properties E and F free and clear of any and all pre-transfer date liens, claims, interests, liabilities, and contractual commitments of any kind or nature pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k) and 1141(c). [Dkt. 226.] OSP argues that pursuant to the terms of the Stipulation and upon the Debtors' default, Tacoronte is required to transfer these two properties and requests that the court issue an order transferring title and a writ of cancellation of liens.

Tacoronte opposes. [Dkt. 228.] He argues that the transfer does not serve the best interest of the estate, which would be better served by the sale to a third party. Furthermore, he states that if the transfer is approved by the court, it must be done under 11 U.S.C. § 363 and that the transferee must pay accrued property taxes and notarial fees.

OSP replied to Tacoronte's opposition asserting that its request for the transfer of the properties is no longer being made under 11 U.S.C. § 363 as there is no bankruptcy estate. [Dkt. 232.] Rather, the transfer of the properties is sought under the terms of a confirmed plan pursuant to 11 U.S.C. §§ 1141(c) and 1146 which allows for the transfer to be done free and clear of liens through an order and writ eliminating notarial expenses, vouchers, and stamps. [Dkt. 232.]

As discussed above, upon confirmation of the plan, there is no bankruptcy estate and 11 U.S.C. § 363 is inapplicable. The transfer sought by OSP is under the terms of the Debtors' joint chapter 11 plan that incorporated the terms of the Stipulation, which was duly notified to all parties in interest, and is now binding and enforceable. As a result, the court grants OSP's motion requesting entry of order for the transfer of Properties E and F. The order and writ for the transfer of Properties E and F will be issued separately.

**(iii) Tacoronte's post-confirmation modification**

Tacoronte also filed a post-confirmation modification, which he titled "amended plan of liquidation," so that this court permits the proposed sale of Property C for the partial payment of OSP's claim. [Dkt. 227]  Tacoronte again proposes to pay OSP $600,00.00 in cash the day of the sale of Property C. He also proposes to pay OSP the remaining balance of $168,111.19 by either selling Property E to a third party, or in the alternative, transferring it to OSP.

OSP objects to the post-confirmation modification. [Dkt. 238.] It argues that the limited scope for post-confirmation modifications in chapter 11 individual cases allowed by 11 U.S.C. § 1127(e) does not permit the type of modification proposed by Tacoronte.

Under 11 U.S.C. § 1127(e), an individual debtor may modify a plan after confirmation but before completion of payments under the plan, whether or not the plan has been consummated, to "increase or reduce the amount of payments on claims of a particular class provided for by the plan," "extend or reduce the time period for such payments," or "alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim made other than under the plan." 11 U.S.C. § 1127(e). "The three subsections of § 1127(e) are exclusive; if a proposed modification does not fall within one of the subsections, the modification cannot be allowed." In re Sandford, 498 B.R. 307, 311 (Bankr. D.N.M. 2013).

The court agrees with OSP that the modification sought by Tacoronte goes further than 11 U.S.C. § 1127(e) allows because it is a modification of the total amount of OSP's claim. Per the confirmed joint plan, which incorporates the terms of the Stipulation, the Debtors had until August 30, 2022 to pay jointly $1,400,000 in cash. Upon failure to comply with the $1,400,000 payment by the due date, the Debtors' obligations reverted to their original state under the loan documents and their debt to OSP is no longer the stipulated $1,400,000. Tacoronte's post-

10

confirmation modification is an attempt at circumventing the terms and conditions of the

Stipulation by disregarding its default provisions and extending the deadline for the payment of

$1,400,000, which is no longer applicable. Therefore, Tacoronte's post-confirmation

modification is denied.

**(iv) Conclusion**

Based on the foregoing, the court denies the motion filed by Tacoronte to sell real and

personal property at private sale under 11 U.S.C § 363 free and clear of liens [Dkt. 221] and

Tacoronte's motion for post-confirmation modification of the joint chapter 11 plan titled

"amended plan of liquidation" [Dkt. 227]. Moreover, the court grants OSP's motion requesting

the entry of order for the transfer of properties E and F [Dkt. 226] and will issue the order and

writ for such transfer separately.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 23rd day of November 2022.

María de los Ángeles González
United States Bankruptcy Judge