**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 19-01178 (MAG) |
| WILMER TACORONTE ORTIZ | CHAPTER 11 |
| Debtor. | |

**OPPOSITION TO MOTION FOR CONVERSION TO CHAPTER 7**
(Related Document: ECF No. 254)

TO THE HONORABLE COURT:

COMES NOW secured creditor OSP Consortium LLC ("OSP"), through the undersigned counsels, and respectfully state and pray as follows:

Procedural and Factual Background

1. On August 4, 2021, Mr. Wilmer Tacoronte ("Tacoronte" or the "Debtor") and OSP Consortium, LLC filed a *Stipulation for OSP Consortium LLC's Claim* (the "*Stipulation*", ECF No. 155). To avoid repetition, it is incorporated by reference as if fully transcribed herein.

2. On August 30, 2021, the Court entered an *Order Approving Stipulation* (ECF No. 162), referring to the *Stipulation* filed at ECF No. 155.

3. On October 15, 2021, Tacoronte filed a *Chapter 11 Plan of Reorganization* (the "*Plan*", ECF No. 168). Pursuant to the *Plan*, "OSP … will be paid as Stipulated in Docket[] 155". *Plan*, ECF No. 168, p. 14, § 3.3.

4. On January 14, 2022, the Court entered the *Order Confirming Plan* (ECF No. 197).

5. The Debtor moved for the sale of certain a property by way of motion (ECF No. 221) and through a post confirmation modification (ECF No. 227), to which OSP opposed (ECF Nos. 225, 238).

6. On November 23, 2022, the Court entered an *Opinion and Order* denying "Tacoronte's motion for sale [Dkt. 221] and Tacoronte's post-confirmation modification [Dkt. 227]". *Opinion and Order*, ECF No. 251, p. 1, 2022 Bankr. LEXIS 3312, 2022 WL 17184654 (Bankr. D.P.R. Nov. 23, 2022). OSP hereby incorporates the *Opinion and Order* as if fully transcribed herein.

7. On December 8, 2022, Tacoronte filed a *Motion of Conversion from Chapter 11 to Chapter 7 under 11 U.S.C. § 1112(a) of the Bankruptcy Court* (the "*Motion for Conversion*", ECF No. 254).

<u>Applicable Law and Discussion</u>

8. Tacoronte's *only* basis for conversion to Chapter 7 is that "business cannot be managed or stay open anymore", "ha[s] no cash to continue operations and closing without management will be detrimental to the property and all the equipment inside", and thus conversion "is the best option for debtor and the creditors considering that there are various properties that need proper management under the protection of the Court". *Motion for Conversion*, ECF No. 254, pp. 1-2, ¶¶ 7, 6 and 8. As legal support for his request, he relies exclusively on Section 1112(a) of the Bankruptcy Code.

9. As a matter of law, upon the confirmation of the *Plan* on January 14, 2022 (*Order Confirming Plan,* ECF No. 197), Tacoronte is no longer a "debtor in possession", but a "reorganized debtor". Section 1141(b) of the Bankruptcy Code ("effect of confirmation") provides that "the confirmation of a plan vests all of the property of the estate in the debtor". 11 U.S.C. § 1141(b). In other words, upon the confirmation of the plan, there is no bankruptcy estate. <u>See</u> *Opinion and Order*, ECF No. 251, p. 1, 2022 Bankr. LEXIS 3312, 2022 WL 17184654 (Bankr. D.P.R. Nov. 23, 2022) (property of the bankruptcy estate "revests upon confirmation in the reorganized debtor and is no longer property of the estate" pursuant to 11 U.S.C. § 1141(b)).

10. As explained in <u>In re Grinstead</u>, 75 B.R. 2 (Bankr. D. Minn. 1985):

> Once a plan of reorganization is confirmed, the bankruptcy estate ceases to exist unless the plan specifically provides otherwise, and all estate property revests in the debtor subject to the terms and conditions imposed by the plan. <u>See</u> 11 U.S.C. § 1141(b). **There is no debtor in possession status of a debtor post confirmation.** <u>United States v. Redmond</u>, 36 B.R. 932 (D. Kan. 1984); <u>Alabama Fuel Sales Co., Inc. v. Newpark Resources, Inc. (In re Alabama Fuel Sales Co., Inc.)</u>, 45 B.R. 365 (N.D. Ala. 1985). The rights and duties of creditors and the debtor are determined by the confirmed Chapter 11 plan; there is no estate; and accordingly, no fiduciary.

<u>Id.</u> at 3 (boldface and underline added).

11.     "Upon confirmation of the plan, the estate ceased to exist, and [the Debtor] lost its status as a debtor 'in possession.'"  Dynasty Oil & Gas, LLC v. Citizens Bank (In re United Operating, LLC), 540 F.3d 351, 355 (5th Cir. 2008). Also see In re E. Hill Mfg. Corp., 2001 Bankr. LEXIS 2190, at *13 (Bankr. D. Vt. 2001) ("[t]hus, [upon confirmation] the Debtor-in-Possession is [not] 'in possession' of an 'estate' to administer"); In re Victorian Park Assocs., 189 B.R. 147, 151 (Bankr. N.D. Ill. 1995) ("[i]t is clear that upon confirmation of a plan of reorganization, property of the estate vests in the reorganized debtor … and the administration of the estate ceases.")

12.     Section 1112(a)(1) of the Bankruptcy Code allows a Chapter 11 debtor to move for Chapter 7 conversion **unless** "the debtor is not a debtor in possession".  11 U.S.C. § 1112(a)(1).  Also see In re Kearney, 619 B.R. 487, 492 (Bankr. D.N.M. 2020) ("chapter 11 debtors had no absolute right to convert to chapter 7 after a creditor plan has been confirmed"); In re West Pointe L.P., 270 B.R. 481, 484 (Bankr. E.D. Mo. 2001) ("the ability of a postconfirmation debtor to convert to chapter 7 is not an absolute right"); In re Pero Bros. Farms, Inc., 91 B.R. 1000, 1001 (Bankr. S.D. Fla. 1988) (debtor cannot be permitted to convert to Chapter 7 after confirmation because to do so would permit debtor to defeat a creditor's plan by the simple expedient of conversion); In re T.S.P. Indus, Inc., 120 B.R. 107, 109 (Bankr. N.D. Ill. 1990) (same); In re Marill Alarm Systems, Inc., 100 B.R. 606, 607 (Bankr. S.D. Fla. 1989) (same); In re Grinstead, 75 B.R. at 3 (conversion to Chapter 7 under Section 1112(a)(1) is prohibited when the debtor is not a debtor in possession).

13.     Because Tacoronte has not been a "debtor in possession" since January 14, 2022, when the Court entered the *Order Confirming Plan* (ECF No. 197), he is not currently eligible to move for conversion to Chapter 7 under Section 1112(a)(1) of the Bankruptcy Code.

## Prayer for Relief

WHEREFORE, OSP moves the Court to deny Tacoronte's *Motion for Conversion* (ECF No. 254) and issue any other relief that is fair and equitable.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 8th day of December 2022.

Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case, including the Debtors' counsels and the U.S. Trustee for Region 21.

**Ferraiuoli** LLC

Attorneys for OSP
PO Box 195168
San Juan, PR 00919-5168
Telephone: (787) 766-7000
Facsimile: (787) 766-7001

_/s/ Gustavo A. Chico-Barris_
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

_/s/ Frances C. Brunet-Uriarte_
FRANCES C. BRUNET-URIARTE
USDC-PR No. 307006
fbrunet@ferraiuoli.com

_/s/Tomás F. Blanco-Pérez_
TOMAS F. BLANCO-PEREZ
USDC-PR No. 304910
tblanco@ferraiuoli.com