IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| IN RE: | CASE NO. 19-01178 (MAG) |
|---|---|
| WILMER TACORONTE ORTIZ | CHAPTER 11 |
| Debtor. | |

## WRIT OF CANCELLATION OF LIENS AND TRANSFER OF TITLE

THE PRESIDENT OF THE UNITED STATES OF AMERICA )
THE UNITED STATES OF AMERICA )
THE COMMONWEALTH OF PUERTO RICO )

TO: **THE HONORABLE EXECUTIVE DIRECTOR OF THE MUNICIPAL REVENUE COLLECTION CENTER, THE HONORABLE SECRETARY OF THE PUERTO RICO TREASURY DEPARTMENT, THE HONORABLE COMMISSIONER OF THE INTERNAL REVENUE SERVICES AND THE HONORABLE PROPERTY REGISTRAR OF THE PUERTO RICO PROPERTY REGISTRY**

WHEREAS the Honorable U.S. Bankruptcy Judge, María de los Ángeles González, has issued an Order in this case dated December 8, 2022, which literally reads as follows:

## "ORDER FOR CANCELLATION OF PRE-TRANSFER DATE LIENS AND OTHER PARTICULAR

On August 4, 2021, Mr. Wilmer Tacoronte ("Tacoronte"), along with Hotel Cupido Inc. in case 19-03799 (MAG11) and consolidated debtors Remliw Inc. and Monte Idilio, Inc. in case 19-01179 (MAG11) (collectively the "Debtors") and OSP Consortium, LLC ("OSP") filed a *Stipulation for OSP Consortium LLC's Claim* (the "*Stipulation*", ECF No. 155). On August 30, 2021, the Court entered an *Order Approving Stipulation* (ECF No. 162), referring to the *Stipulation* filed at ECF No. 155.

Pursuant to the terms of the *Stipulation*, Tacoronte agreed to the following payment terms:

- Tacoronte shall transfer to OSP through Sections 363, 1123(a)(5), 1123(b)(4), and 1146(a) of the Bankruptcy Code the properties located at Bo. Duey in San Germán as described in the Stipulation filed at ECF. No. 155, also described hereinafter.

- The properties to be transferred are fully encumbered by OSP and there are no further liens; other than the statutory lien in favor of Centro de Recaudación de Ingresos Municipales ("CRIM") for the real property taxes owed for the current fiscal year, plus the real

property taxes owed for the past five (5) fiscal years pursuant to PR law.

- The value of the transfer to be included in the § 363 sale shall be determined by deducting all related expenses such as, and without limitation, property and other taxes, cancellation of liens, etc.

*Stipulation*, ECF No. 155, pp. 14-15. The aforestated properties are hereby referred to as the "Properties".

The Properties are described in the Spanish language, in the corresponding Section of the Property Registry as follows:

RÚSTICA: Parcela de terreno radicada en el Barrio Duey Bajo del municipio de San Germán, con una cabida superficial de 9367.5 metros cuadrados. En lindes por el Norte, en varias alineaciones que suman 162.45 metros, con camino vecinal, por el Sur, en 3 alineaciones que suman 118.40 metros, con César Martínez y Eduardo López, por el Este, en 3 alineaciones que suman 85.20 metros, con la Carretera municipal a Duey Bajo; y por el Oeste, en 70.20 metros, con Sucesió José Dolores Sample.

Finca #8334 Inscrita al folio 64 del tomo 279 de San Germán, Registro de la Propiedad de San Germán.

and,

RUSTICA: Predio de terreno radicado con el #11-A sito en el barrio Hoconuco del término municipal de San Germán. Con una cabida superficial de 1,261.26 metros cuadrados. Colinda al NORTE, en 50.11 metros, con terrenos de Manuel Valentín Padilla, solar # 11 del plano; al SUR, en 3.79 metros y 42.43 metros, con la calle asfaltada; al ESTE, en 25.00 metros, con Alfredo Ortíz y al OESTE, en un ángulo de 5.20 metros, con antiguo remanente de la finca principal, ahora calle asfaltada.

Finca #16,395 inscrita al folio doscientos veintiseis (226) del tomo quinientos ocho (508) de San Germán, Registro de la Propiedad de San Germán.

On October 15, 2021, Tacoronte filed a *Chapter 11 Plan of Reorganization* (the "*Plan*", ECF No. 168). Pursuant to the *Plan*, "OSP … will be paid as Stipulated in Docket[] 155". *Plan*, ECF No. 168, p. 14, § 3.3.

On January 14, 2022, the Court entered the *Order Confirming Plan* (ECF No. 197).

Pursuant to the clear and unambiguous terms of the approved *Stipulation* and the confirmed *Plan*, Tacoronte is required to transfer to OSP the title of the Properties free and clear of any and all pre-transfer date liens, claims, interests (including possession), encumbrances, leases, rights, remedies, restrictions, interests, liabilities, and contractual commitments of any kind or nature

2

whatsoever, whether arising before or after the petition date and whether at law or in equity, pursuant to 11 U.S.C. §§ 363(b), 363(f), 363(k), 1141(c), 1123(a)(5), 1123(b)(4), and 1146(a).

As part of this transfer, Tacoronte would transfer to OSP title of the Properties, free and clear of all liens and encumbrances. Pursuant to the approved *Stipulation* and the confirmed *Plan*, the liens, leases and/or encumbrances encumbering the Properties are to be cancelled or caused to be cancelled pursuant to the provisions of Sections 363 and 1146 of the Bankruptcy Code and in accordance with the terms of this Order. The transfer of the title of the Properties from their corresponding owner of record to OSP, will be a legal, valid, and effective transfer of the Properties, under section 363 of the Bankruptcy Code, free and clear of liens, including, but not limited to, (a) those that arise from mortgages or other similar liens on the Properties, (b) those that purport to give to any party a right or option to effect any forfeiture, modification, right of first refusal, or termination of the Debtors' or any other party's interest in the Properties, or any similar rights, and (c) those relating to any and all taxes including, but not limited to, property taxes arising under or out of, in connection with, or in any way relating to the Properties prior to the date of the transfer.

Notice of all pleadings was provided by the Debtors to all creditors and parties in interest including: (i) all entities, parties, or persons that, or that are known to, hold or have asserted any lien, claim, action, mortgage, attachment, encumbrance or interest in or upon or related to the Properties or against the Debtors and/or their estate (collectively, the "Interests"); (ii) all federal, state and local regulatory or taxing authorities or recording offices which have reasonably known interest; (iii) all parties to any and all contracts, if any, with the Debtors, and (iv) all creditors of the estates listed in the creditors matrices. As evidenced by the record of this case, the same was good, sufficient and appropriate.

Accordingly, all persons and entities, including, but not limited to, all debt security holders, governmental tax, and regulatory authorities, lenders, landlords, lessors, trade and other creditors including vendors and suppliers and any other third parties holding Interests of any kind or nature whatsoever against the Properties (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Properties, the operation of the Debtors' business prior or construction, development or planning of the Properties prior to the date of the transfer of the Properties to OSP, hereby are forever barred, estopped, and permanently enjoined from asserting against OSP or each of their respective successors, assigns, and transferees, their respective property, or the Properties, such persons' or entities' Interest or claims.

All persons holding Interests against the Properties of any kind or nature whatsoever shall be, and hereby are, forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such Interests of any kind or nature whatsoever against OSP, their respective property, their respective successors, assigns and transferees with respect to any Interest of any kind or nature whatsoever such person or entity had, has or may have against, their estates, officers, directors, shareholders, or the Properties. OSP will acquire the Properties pursuant to this Order in good faith within the meaning of section 363(m) of the Bankruptcy Code and is entitled to all of the protections in accordance therewith. Accordingly, the reversal or

modification on appeal of the authorization provided herein to consummate the transfer shall not affect the validity of the transfer, unless such authorization is duly stayed pending such appeal.

This Order shall take effect immediately and shall not be stayed pursuant to Fed. Rs. Bankr. P. 6004(g), 6006 (d), 7062 or otherwise.

The Court shall retain exclusive jurisdiction to interpret, construe and enforce the provisions in this Order, claims relating to the Properties in all respects and, further, to hear and determine any and all disputes or claims arising under or related to the sale and transfer of the Properties.

OSP filed a *Motion Requesting Entry of Order for the Transfer of Properties and the Cancellation of Pre-Transfer Date Liens and Other Particulars under the Confirmed Plan of* Reorganization (the "Motion", ECF No. 226), for the cancellation of any and all pre-transfer date liens, Claims, interests (including possession), encumbrances, leases, rights, remedies, restrictions, interests, liabilities, and contractual commitments of any kind or nature whatsoever, whether arising before or after the Commencement Date, whether at law or in equity, including all rights or claims based on any successor or transferee liability, and any amounts that may have been assessed and/or registered at the Municipal Revenue Collection Center ("CRIM", by its Spanish acronym) and or the Puerto Rico Treasury Department in connection with the Transferred Assets, pursuant to 11 U.S.C. §§ 363(f), (h) and (k), 1123(a)(5) and (b)(4), 1141(c) and 1146(a), including, but not limited to, any mortgages and other liens that appear recorded in the Registry of the Property of Puerto Rico (the "Property Registry" or the "Registry") over the Properties.

The Court granted the Motion on November 23, 2022 (ECF. No. 251). And, it appearing that a request for cancellation of pre-transfer date liens in the records of CRIM, the Puerto Rico Treasury Department, the "IRS", and the Property Registry, to require the Property Registry to effect the operations necessary for the recordation and inscription of the transfer of the title of the Properties from their corresponding owners of record to OSP, and to direct CRIM and the Puerto Rico Treasury Department to perform the operations necessary to record in the name of OSP or its designee the Properties with the real property tax identification number listed above, as well as to exempt the Debtors and OSP and/or any assignee(s) or any designee(s) thereof, from the payment of any and all a stamp tax, internal revenue and legal aid stamps, recording and filing voucher or similar taxes for the cancellation of the liens, and the transfer of title, including but not limited to, the original and certified copy of the deed(s) of transfer of title, of the Properties from their corresponding owners of record to OSP, and/or any assignee(s) or any designee(s) thereof, pursuant to 11 U.S.C. § 1146(a) is necessary and proper, IT IS HEREBY

ORDERED, that, the Executive Director of the Municipal Revenue Collection Center shall perform all operations necessary in the systems and records of the CRIM to (i) cancel, eliminate and/or extinguish any and all real property taxes that appear as liens, claims, interests or encumbrances over the Properties, as the same has been identified and described hereto with the property tax identification number set forth above, or with any other property tax identification number(s) that may be now or hereinafter registered in the systems of CRIM as related (in any way) to the Properties; and (ii) transfer and record the title of the Properties in favor of OSP; it is further

ORDERED, that, the Secretary of the Puerto Rico Treasury Department shall perform all operations necessary in the systems and records of Treasury to (i) cancel, eliminate and/or extinguish any and all property taxes and/or attachments that may appear as liens, claims, interests or encumbrances over the Properties, as fully identified and described hereto with the property tax identification numbers set forth above; and (ii) transfer and record the title of the Properties in favor of OSP; it is further

ORDERED, that, the Commissioner of the Internal Revenue Service shall perform all operations necessary in the systems and records of the IRS to cancel, eliminate and/or extinguish any and all real property taxes that appear as liens, claims, interests or encumbrances over the Properties, as fully identified and described hereto; it is further

ORDERED, that, the corresponding Honorable Registrars of the Property in charge of the sections where the Properties are recorded, shall perform all operations necessary in the books and records of the Registry of the Property to: (i) cancel, eliminate and/or extinguish any and all liens, any attachment that may appear as liens over the Properties, claims, interests and/or encumbrances over the Properties, as well as any other lien that may appear of record at the time of recordation of OSP's title, which cancellation shall be expressly sought at OSP's sole request without the need to file any additional documents including, without limitation, the Liens and Encumbrances listed above; (ii) record the transfer of the title of the Properties from their corresponding owners of record in favor of OSP; and (iii) to exempt the Debtors and OSP, and/or any assignee(s) or any designee(s) thereof, from the payment of any and all a stamp tax, internal revenue and legal aid stamps, recording and filing voucher or similar taxes for the transactions set forth at length herein, including, but not limited to, the transfer of title, including but not limited to, the original and certified copy of the deed(s) of transfer of title and cancellation of liens of the Properties pursuant to 11 U.S.C. § 1146(a), as fully identified and described hereto.

IT IS HEREBY ORDERED that a Writ shall be issued by the Clerk of this Court, whereby the Executive Director of the Municipal Revenue Collection Center, the Secretary of the Puerto Rico Treasury Department, the Commissioner of the Internal Revenue Service the corresponding Honorable Registrars of the Property in charge of the section where the Properties are recorded to: (i) cancel, eliminate and/or extinguish any and the liens, claims, interests or encumbrances over the Properties, that exist as of the date of issuance of this Order, as well as any other lien that may appear of record at the time of recordation of OSP's title, which cancellation shall be expressly sought at OSP's sole request without the need to file any additional documents or execute a public instrument; (ii) effectuate the operations necessary to record the transfer of the title of the Properties from their corresponding owners of record in favor of OSP in the books and records of the Property Registry and in the systems of CRIM and Treasury, respectively; (iii) to exempt the Debtors and OSP and/or any assignee(s) or any designee(s) thereof, from the payment of any and all a stamp tax, internal revenue and legal aid stamps, recording and filing voucher or similar taxes for the transactions set forth at length herein, including, but not limited to, the cancellation of liens and transfer of title, including but not limited to, the original and certified copy of the deed(s) of transfer of title of the Properties pursuant to 11 U.S.C. § 1146(a), as fully identified and described hereto; and (iv) to exempt the authorizing notary from cancellation of any and all stamp tax, internal revenue and legal aid stamps, or similar taxes for the transactions set forth at length herein in the original deeds of transfer and cancellation of mortgages, pursuant to 11 U.S.C. § 1146(a).

IT IS HEREBY ORDERED that any person or entity occupying the Properties upon the transfer of the same to OSP is hereby and forthwith ordered, directed and commanded to immediately vacate the Properties and deliver to OSP the possession, keys and any other access to the Properties.

All the terms and provisions of this Order are binding upon and govern the acts of the officers required to effectuate the transactions listed above, including, but not limited to, the Executive Director of the Municipal Revenue Collection Center, the Secretary of the Puerto Rico Treasury Department, the Commissioner of the Internal Revenue Service and the corresponding Honorable Registrars of the Property in charge of the section where the Properties are recorded, and each such officer is hereby directed to accept the filing of any and all documents and instruments, which may be required to carry out the transactions set forth herein and proceed accordingly.

IT IS SO ORDERED.

In Ponce, Puerto Rico, this 8th day of December 2022.

María de los Ángeles González<br>U.S. Bankruptcy Judge"

THEREFORE, you (as, either Registrar of the Property Registry, the Executive Director of the Municipal Revenue Collection Center, the Secretary of the Puerto Rico Treasury Department, the Commissioner of the Internal Revenue Service or other authority (as applicable)), are hereby ordered to:

1. Cancel, eliminate and/or extinguish any and all liens, claims, interests or encumbrances over the Properties, that exist as of the date of issuance of this Order, as well as any other lien that may appear of record at the time of recordation of OSP's title, which cancellation shall be expressly sought at OSP's sole request without the need to file any additional documents or execute a public instrument;

2. Effectuate the operations necessary to record the transfer of the title of the Properties from their corresponding owners of record in favor of OSP in the books and records of the Property Registry and in the systems of CRIM and Treasury, respectively; and

3. To exempt the Debtor and OSP and/or any assignee(s) or any designee(s) thereof, from the payment of any and all a stamp tax, internal revenue and legal aid stamps, recording and filing voucher or similar taxes for the transactions set forth at length herein, including, but not limited to, the cancellation of liens and transfer of title, including but not limited to, the original and certified copy of the deed(s) of transfer of title of the Properties pursuant to 11 U.S.C. § 1146(a), as fully identified and described hereto.

IN TESTIMONY OF WHICH, I issue the present writ under my signature and seal of the Court.

In San Juan, Puerto Rico, on this __9__ day of December, 2022.



WILMA JAIME-DE JESÚS
CLERK OF COURT

Signed by: FÉLIX MARTÍNEZ
CHIEF DEPUTY CLERK